UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JEREMY THOMAS, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) No: |
| vs. | ) ) ) |
| JOSHUA T. CARPENTER and JULIE CARPENTER, individually, and CS GRANITE, LLC, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), Plaintiff files this lawsuit against Defendants on behalf of himself and all others similarly situated, and for his cause of action state as follows:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant CS Granite, LLC ("CS Granite") is a Georgia limited liability company authorized to do business in the State of Georgia. Its office and facility is located in Rossville, Georgia. Its registered agent for service of process

is Joshua T. Carpenter, who may be served at 103-A Hunt Drive, Rossville, GA 30741. Defendants Joshua T. Carpenter and Julie Carpenter have operational control of CS Granite and may also be served at 103-A Hunt Drive, Rossville, GA 30741.

3. Defendants' business sells and installs countertops to its customers that are made of granite, quartz, and marble. At Defendants' facility, Defendants' employees prepare the countertops for installation in customers' homes and businesses. These employees hold the titles of saw man, saw man's helper, fabricator, and polisher. Defendants also employ installers and installer's helper who install the countertops in the customers' homes and businesses.

4. Plaintiff was employed by Defendants at CS Granite from approximately September of 2013 through August of 2014. While Plaintiff was employed by Defendants, he worked as a polisher in Defendants' facility. Plaintiff's job duties included polishing the countertops to prepare them for installation.

5. While Plaintiff was employed by Defendants, each Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

6. While Plaintiff was employed by Defendants, Plaintiff was an "employee" of each Defendant as defined by Section 203(e)(1) of the FLSA, and

worked for Defendants within the territory of the United States within three years and within two years preceding the filing of this lawsuit.

7. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

8. While he was employed by Defendants, Plaintiff was paid an hourly wage for his work. Accordingly, he was entitled to overtime wages at a rate of one and one-half times his regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA.

9. While he was employed by Defendants, Plaintiff worked more than 40 hours per workweek during certain workweeks, but was not paid overtime wages at a rate of one and one-half times his regular rate of pay for all hours worked over 40 as required by Section 207 of the FLSA.

10. Rather than pay Plaintiff one and one-half times his regular rate of pay for all hours worked over 40 in a given workweek, Defendants paid Plaintiff his regular rate of pay, or "straight time," for overtime hours.

11. Defendants' violation of Section 207 of the FLSA was willful. Specifically, Defendants were well aware of their obligation to pay Plaintiff overtime pursuant to the FLSA, or recklessly disregarded their legal obligations.

12. As a result of Defendants' failure to comply with Section 207 of the

FLSA, Defendants are liable to Plaintiff for overtime back pay.

13. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

14. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. Section 216(b).

15. The other employees who are and were employed by Defendants at CS Granite, including other polishers, fabricators, saw men and their helpers, and installers and there helpers, were also paid an hourly wage for their work. Accordingly, these employees were also entitled to overtime wages at a rate of one and one-half times their regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA.

16. While the other hourly employees were employed by Defendants, these employees worked more than 40 hours per workweek during certain workweeks, but were not paid overtime wages at a rate of one and one-half times their regular rates of pay for all hours worked over 40 as required by Section 207 of the FLSA.

17. Rather than pay these other hourly employees one and one-half times their regular rate of pay for all hours worked over 40 in a given workweek,

Defendants paid them their regular rate of pay, or "straight time," for overtime hours.

18. As described above, there are other similarly situated employees and/or former employees of Defendants who have been improperly compensated in violation of the FLSA, and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the lawsuit by filing a consent pursuant to Section 216(b) of the FLSA. Specifically, all other polishers, fabricators, saw men, saw men helpers, installers, and installers' helpers who have worked for Defendants within the last three years and have not been paid overtime wages for all hours worked over 40 during each workweek, are similarly situated to Plaintiff and should be given notice of this lawsuit and the opportunity to join.

19. All other similarly situated employees are also entitled to damages in the form of back pay, liquidated damages, and attorneys' fees and costs.

20. Defendants' violations of the FLSA as described herein are continuing.

21. Pursuant to Section 216(b), a Consent to Become Party Plaintiff is attached hereto and filed with this Complaint as Exhibit A.

WHEREFORE the named, representative Plaintiff, individually and on

behalf of all other similarly situated persons, pursuant to Section 216(b) of the FLSA, prays for the following relief:

(a)   That he be allowed to give notice to all other potential Plaintiffs who are similarly situated;

(b)   That other similarly situated former and present employees be given the opportunity to join this lawsuit as party Plaintiffs by filing written consents pursuant to 29 U.S.C. § 216(b);

(c)   That he and all other Plaintiffs be awarded damages in the amount of their respective unpaid overtime compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

(d)   An award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b);

(e)   An award of the costs and expenses of this action; and

(f)   Such other, further general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr.
GA Bar #387630
4525 Harding Road

Suite 200
Nashville, Tennessee 37205
(615) 313-8188
Facsimile: 615-313-8702
rsjackson@rsjacksonlaw.com


John McCown
GA Bar #486002
Warren & Griffin, P.C.
300 West Emery Street
Suite 108
Dalton, GA 30720
(423) 265-4878
Facsimile: 706-529-3890
johnmccown@gmail.com


Attorneys for Plaintiff

7