## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| JEREMY THOMAS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff.<br><br>v.<br><br>JOSHUA T. CARPENTER and JULIE CARPENTER, individually, and CS GRANITE, LLC,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 4:15-CV-00105-HLM |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

The parties respectfully move the Court to approve a settlement of Plaintiff's claims pursuant to the Fair Labor Standards Act (FLSA). The parties show that the proposed settlement includes 100% of alleged back pay, an equal amount of liquidated damages, and statutory attorneys' fees and costs.

Specifically, during Plaintiff's employment with Defendants, he was paid his regular rate of pay for all hours worked, and was not paid one and one-half times his regular rate of pay for hours worked over 40 each week. See, 29 U.S.C. § 207. After reviewing Plaintiff's pay records, counsel calculated the precise amount of Plaintiff's overtime back pay by multiplying his overtime hours by the additional half-time rate. Although Defendants asserted that Plaintiff was exempt from the

overtime provisions of the FLSA, they agreed to pay the full amount of the alleged overtime back pay ($335.80), plus an equal amount of liquidated damages, for a total of $671.60. In addition, Defendants will separately pay Plaintiff's attorneys' fees of $4,651.70 and all costs, totaling $400.00. Accordingly, Plaintiff will receive the full benefits to which he is entitled pursuant to the FLSA. See, 29 U.S.C. § 216(b). Because Plaintiff will receive full benefits, there is no question that the settlement is fair. See, e.g., Lynn's Food Stores, Inc. v. United States, 679 F. 2d 1350, 1353-54 (11th Cir. 1982) (district court may approve settlement after determining that it is fair and reasonable).

Attached hereto as Exhibit "A" hereto is the proposed Settlement Agreement and Full and Final Release of Claims. Also attached hereto as Exhibit "B" is a proposed Order.

For the forgoing reasons, the parties respectfully move the Court for an order approving the proposed settlement.

| **Attorneys for Plaintiff** | **Attorneys for Defendants** |
|---|---|
| /s/John Robert McCown | /s/Anandhi S. Rajan |
| John Robert McCown | Anandhi S. Rajan |
| Georgia Bar No. 486002 | Georgia Bar No. 592760 |
| Warren & Griffin, P.C. | Swift, Currie, McGhee & Hiers, LLP |
| Suite 108 | 1355 Peachtree Street, NE |
| 300 W. Emery Street | Suite 300 |
| Dalton, GA 30721 | Atlanta, GA 30309 |
| johnmccown@gmail.com | anandhi.rajan@swiftcurrie.com |

(Signed by Anandhi S. Rajan
w/express permission)

_/s/Randolph Scott Jackson, Jr._
Randolph Scott Jackson, Jr.
Georgia Bar No. 387630
Suite 200
4525 Harding Road
Nashville, TN 37205
rsjackson@rsjacksonlaw.com
(signed by Anandhi S. Rajan w/express permission)

## CERTIFICATE OF FONT SIZE

Pursuant to Northern District of Georgia Local Rule 7.1D, I hereby certify that this document was prepared in 14 point Times New Roman font.

> **By:** */s/Anandhi S. Rajan*
> Anandhi S. Rajan
> Georgia State Bar No. 592760
> Attorneys for Defendants Joshua T. Carpenter, Julie Carpenter and CS Granite, LLC

SWIFT, CURRIE, McGHEE & HIERS, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
Anandhi.Rajan@swiftcurrie.com

## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is entered into by and between Jeremy Thomas (Thomas") and Joshua T. Carpenter, Julie Carpenter, and CS Granite, LLC (the "Carpenters and CS Granite") including its past and present parents, subsidiaries or affiliates, and their respective past or present predecessors, successors, assigns, representatives, officers, directors, agents and employees (collectively "CS Granite") (Thomas, Carpenters, and CS Granite are collectively referred to herein as "the parties").

WHEREAS, Thomas was previously employed by CS Granite;

WHEREAS, on June 18, 2015, Thomas filed the lawsuit *Jeremy Thomas v. Joshua T. Carpenter, Julie Carpenter and CS Granite, LLC*, Civil Action File No. 1: 4:15-CV-00105-HLM (the "Action"), in the Northern District of Georgia asserting claims under the Fair Labor Standards Act;

WHEREAS, the Carpenters and CS Granite deny all claims asserted in the Action by Thomas, including each of his claims asserted in the Action and deny that Thomas is entitled to any relieve whatsoever;

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, and without admission or finding of liability or wrongdoing on the part of the Carpenters and CS Granite – such being expressly denied by the Carpenters and CS Granite – the parties desire fully and finally to resolve the Action, all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes, that have been made or could have been made by or on behalf of Thomas against the Carpenters and CS Granite relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed; and

WHEREAS, Thomas, the Carpenters and CS Granite recognize that a bona fide dispute existed as to liability, if any, for attorneys' fees, expenses and costs and that this Agreement represents a bona fide compromise of all claims by Thomas for attorneys' fees, expenses and costs, which was negotiated at arms-length by counsel for the parties.

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

1. **Non-Admission.** This Agreement and compliance with this Agreement shall not be construed as an admission by the Carpenters and CS Granite of any liability whatsoever, or as an admission by the Carpenters and CS Granite of any violation of the rights of any person or entity, violation of any order, law, statute, duty, or contract whatsoever against any person or entity. The Carpenters and CS Granite specifically disclaim any liability to Thomas or any other person for any alleged

Page 1 of 1


EXHIBIT
A

violation of the rights of Thomas or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part Thomas, or any of the Carpenters' or CS Granite's employees or agents.

2. **Proper Defendant.** The parties agree that CS Granite was Thomas' employer and is the proper defendant in this matter.

3. **Dismissal of Action with Prejudice.** In exchange for the consideration described before, Thomas agrees to dismiss the Action and all claims therein with prejudice within five (5) business days after the settlement funds are received by his attorneys. Thomas hereby authorizes his attorneys to execute on his behalf a Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal With Prejudice ("Joint Motion"). .

4. **Settlement Consideration.**

   a. **Payment to Thomas:** Within the time and in the manner specified in subparagraph (b) below, the Carpenters and CS Granite will pay to Thomas the gross amount of Six Hundred Seventy One and 60/100 Dollars ($671.60) (the "Settlement Proceeds") representing payment of all claimed damages to Thomas, and made payable as follows:

      (1) **Wage Income.** A check in the amount of Three Hundred Thirty-Five and 80/100 ($335.80) for back pay made payable to Jeremy Thomas with applicable taxes and other withholdings withheld. CS Granite will furnish a W-2 to Thomas including this payment at the appropriate time.

      (2) **Non-Wage Income.** A check in the amount of Three Hundred Thirty-Five and 80/100 Dollars ($335.80) made payable to Jeremy Thomas from which no withholdings will be made and for which CS Granite will issue an IRS Form 1099 to Thomas designating this payment as "other income";

      (3) **Attorneys' Fees and Expenses.** Thomas understands and acknowledges that CS Granite is issuing to his attorneys, Warren & Griffin, P.C., one check in the amount of Two Thousand Seven Hundred Twenty-Five and 85/100 Dollars ($2725.85) and to R. Scott Jackson, Jr., one check in the amount of Two Thousand Three Hundred Twenty-Five and 85/100 Dollars ($2325.85) to resolve all disputed claims for attorneys' fees and costs in connection with the Action. The Carpenters and CS Granite will issue an IRS Form 1099 to Warren & Griffin, P.C. and an IRS Form 1099 to R. Scott Jackson, Jr., for these payments.

   b. **Timing and Manner of Payment and Conditions Precedent:** Checks making payments under this Agreement to Thomas, Warren & Griffin, P.C. and R. Scott Jackson, Jr. (the "Settlement Checks") will be forwarded

to Thomas's counsel, Warren & Griffin, P.C. within seven (7) business days after the U.S. District Court approves this Agreement.

5. **Complete Release by Thomas.**

   a. **Claims Released by Thomas.** Thomas irrevocably and unconditionally releases all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other FLSA or wage-related claims or disputes that have been made or could have been made by or on behalf of Thomas against the Carpenters and CS Granite or any of the Released Parties listed in Paragraph 5(b) relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed ("Released Claims"). However, Thomas is not releasing any claim that relates to: (1) the right to enforce this Agreement, (2) any rights or claims that arise after signing this Agreement, and (3) any rights or claims that cannot lawfully be released. It is also expressly acknowledged that Thomas has a workers compensation claim pending against the CS Granite and that this Agreement has no bearing on that claim, is not dispositive of that claim, and does not release that claim.

   b. **Released Parties.** The "Released Parties" are the Carpenters and CS Granite, and all of its predecessors, successors, current, future and former parent companies, subsidiaries, affiliates, related companies, partnerships, investors, or joint ventures, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, plans, trustees, and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subparagraph, and their successors. Any individual person or entity included in the Released Parties shall be referred shall be referred to individually as a "Released Party."

   c. **Unknown Claims.** Thomas understands that he is releasing the Released Parties from Released Claims that he may not know about. That is his knowing and voluntary intent, even though he recognizes that someday he might learn that some or all of the facts he currently believes to be true are untrue. Nevertheless, Thomas is assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Thomas expressly waives all rights he might have under any law that is intended to protect him from waiving unknown claims. Thomas understands the significance of doing so.

   d. **Ownership of Claims.** Thomas agrees that he has not assigned or transferred any Released Claim, nor has he attempted to do so. He expressly represents and warrants that he has the full legal authority to

enter into this Agreement for himself, and does not require the approval of anyone else.

6. **Pursuit of Released Claims.** Other than the Action, Thomas represents and warrants that he has not filed or caused to be filed any demand for arbitration, lawsuit, complaint, or charge with respect to any Released Claim, and promises never to file or prosecute any demand for arbitration, lawsuit, or complaint based on any such claim. Thomas understands that while he is not precluded from filing a charge with an administrative agency, he promises never to seek any damages, remedies, or other relief for himself personally (any right to which he hereby waives) by filing or prosecuting a charge with any administrative agency with respect to any such claim.

7. **No Future Employment.** Thomas agrees and recognizes that his employment relationship with CS Granite has forever ended. Thomas hereby understands and agrees that he will not be re-employed by CS Granite or its subsidiaries, divisions and affiliates in the future and that he will never knowingly apply to CS Granite or its subsidiaries, divisions and affiliates for any job or position in the future. Thomas agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with CS Granite, its subsidiaries, divisions or affiliates, the offer may be withdrawn and he may be terminated without notice, cause, or legal recourse.

8. **Non-Disparagement.** Thomas agrees that he will not criticize, denigrate, or disparage any of the Released Parties in any comments or statements he may make at any time after the execution of this Agreement. Likewise, the released parties agree that they will not criticize, denigrate, or disparage Thomas in any comments or statements they may make at any time after the execution of this Agreement.

9. **Neutral Reference.** If any prospective employer of Thomas contacts CS Granite regarding Thomas, CS Granite shall give a neutral reference, only indicating Thomas' dates of employment, position, and if required, rates of pay.

10. **Breach.** Thomas acknowledges that if he materially breaches or threatens to materially breach this Agreement, including, but not limited to, Thomas' obligations in the paragraph pertaining to Non-Disparagement and/or commences a suit or action or complaint in contravention of this release and waiver of claims, the Carpenters and CS Granite shall be entitled to all remedies allowed in law or equity. The Carpenters and CS Granite may seek injunctive relief to enforce the provisions of this Agreement. Likewise, Thomas shall be entitled to seek injunctive relief to enforce the provisions of this Agreement.

11. **Payment of Applicable Taxes.** Thomas is and shall be solely responsible for all federal, state and local taxes that may be owned by Thomas by virtue of the receipt of any portion of the monetary payment provided under this Agreement.

CS Granite is solely responsible for the employer's share of any required taxes. Thomas agrees to indemnify and hold CS Granite harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Thomas under this Agreement unless such liability is caused by a wrongful action or inaction of CS Granite.

12. **Implementation.** Thomas, the Carpenters, and CS Granite agree to sign any documents and do anything else that is or may be necessary in the future to implement this Agreement.

13. **Interpretation.** This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against Thomas or any Released Party. Unless the context indicates otherwise, the term "or" shall be deemed to include the term "and" and the singular or plural number shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.

14. **No Waiver by the Parties.** The waiver by the parties of any provision of this Agreement or a breach of any provision of this Agreement by the parties shall not operate or be construed as a further or continuing waiver of any subsequent breach by the parties.

15. **Choice of Law & Choice of Venue.** The parties agree this Agreement will be governed exclusively by Georgia law, and/or federal law, if applicable. The parties further agree that any actions arising under, or to enforce, this Agreement shall be brought exclusively in the United States District Court for the Northern District of Georgia, Rome Division, provided that, if the United States District Court for the Northern District of Georgia declines to exercise jurisdiction over such action, such action shall be filed in Floyd County Superior Court in Rome, Georgia. The parties hereby expressly consent to jurisdiction and venue in Rome, Georgia and waive any defenses related to jurisdiction or venue.

16. **Counterparts.** This Agreement may be executed in any number of counterparts and by the parties hereto in separate counterparts, with the same effect as if the parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together, shall constitute one and the same instrument, and shall not be publicized in accordance with the terms of Paragraph 7 of this Agreement. This Agreement may be executed with original signature, photocopy signature, fax signature, or electronic signature permitted and accepted.

17. **Severability.** Except as otherwise provided in this paragraph, if any provision of this Agreement shall be finally determined to be invalid or unenforceable by a court or arbitrator of competent jurisdiction, that part shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting

the remaining parts of said provision or the remaining provisions of this Agreement.

18. **Entire Agreement.** This Agreement contains the entire agreement and understanding between Thomas, the Carpenters, and CS Granite with respect to its subject matter, and this Agreement supersedes all other agreements between Thomas, the Carpenters, and CS Granite with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by Thomas, the Carpenters and CS Granite.

19. **Knowing and Voluntary Waiver.** Thomas acknowledges and agrees that his waiver of rights under this Agreement is knowing and voluntary. He further acknowledges that he understands the terms of this Agreement; that the payment referred to in this Agreement equals that to which he would otherwise have been entitled; that the actual payment is in exchange for his release of the claims referenced in this Agreement; that he has consulted with his attorneys prior to executing this Agreement; that he has consulted with his attorneys in connection with his decision to enter into this Agreement, and that he has been represented by counsel throughout his dealings with the Carpenters and CS Granite concerning this Agreement.

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR.

AGREED AND ACCEPTED: *[signed]*

Jeremy Thomas

Dated: 9-15-15

AGREED AND ACCEPTED:

_____
Joshua T. Carpenter

Dated: _____

_____
Julie Carpenter

Dated: _____

**CS GRANITE**

By: _____

Title: _____

Dated: _____

the remaining parts of said provision or the remaining provisions of the Agreement.

18. **Entire Agreement**.  This Agreement contains the entire agreement and understanding between Thomas, the Carpenters, and CS Granite with respect to its subject matter, and this Agreement supersedes all other agreements between Thomas, the Carpenters, and CS Granite with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by Thomas, the Carpenters and CS Granite.

19. **Knowing and Voluntary Waiver**.  Thomas acknowledges and agrees that his waiver of rights under this Agreement is knowing and voluntary. He further acknowledges that he understands the terms of this Agreement; that the payment referred to in this Agreement equals that to which he would otherwise have been entitled; that the actual payment is in exchange for his release of the claims referenced in this Agreement; that he has consulted with his attorneys prior to executing this Agreement; that he has consulted with his attorneys in connection with his decision to enter into this Agreement, and that he has been represented by counsel throughout his dealings with the Carpenters and CS Granite concerning this Agreement.

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR.

AGREED AND ACCEPTED:

_____
Jeremy Thomas

Dated: _____

AGREED AND ACCEPTED:

_/s/ Joshua T. Carpenter_
Joshua T. Carpenter

Dated: 9-14-15

_/s/ Julie Carpenter_
Julie Carpenter

Dated: 9-16-15

_/s/ Julie Carpenter_
CS GRANITE

By: _/s/ Julie Carpenter_

Title: Owner

Dated: 9-16-15

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| JEREMY THOMAS, on behalf of himself and all others similarly situated, ) ) ) Plaintiff. ) ) ) CIVIL ACTION FILE v. ) ) NO. 4:15-CV-00105-HLM JOSHUA T. CARPENTER and ) JULIE CARPENTER, individually, and ) CS GRANITE, LLC, ) ) Defendants. ) | |

## ORDER APPROVING SETTLEMENT

Plaintiff Jeremy Thomas and Defendants Joshua T. Carpenter, Julie Carpenter, and CS Granite, LLC, filed a Joint Motion for Approval of FLSA Settlement.  Having reviewed the Settlement Agreement, this Court finds it to be a reasonable settlement of the Plaintiff's claims under the Fair Labor Standards Act.

The parties' motion is, therefore, GRANTED.

IT IS HEREBY ORDERED that the settlement agreement is approved.  The parties are directed to file a Joint Stipulation of Dismissal with Prejudice.  The Court expressly retains jurisdiction to enforce the settlement.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 551 U.S. 375, 114 S.Ct.1674 (1994).  The



parties shall bear their own costs.

SO ORDERED, this ___ day of September, 2015.

_____
Honorable Harold L. Murphy
Judge
United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing **Joint Motion for Approval of Settlement Under the FLSA** using the CM/ECF system of the Clerk of Court, which will notify and serve a copy of same to the following counsel of record:

John Robert McCown
Warren & Griffin, P.C.
Suite 108
300 W. Emery Street
Dalton, GA 30721
johnmccown@gmail.com

Randolph Scott Jackson, Jr.
Suite 200
4525 Harding Road
Nashville, TN 37205
rsjackson@rsjacksonlaw.com

This 17th day of September, 2015.

By: /s/Anandhi S. Rajan
Anandhi S. Rajan
Georgia State Bar No. 592760
Attorney for Defendants

SWIFT, CURRIE, McGHEE & HIERS, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
**Anandhi.Rajan@swiftcurrie.com**