IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JEREMY THOMAS,<br><br>        Plaintiff,<br><br>v.<br><br>JOSHUA T. CARPENTER,<br>et al.,<br><br>        Defendants. | CIVIL ACTION FILE<br><br>NO. 4:15-CV-0105-HLM-WEJ |

ORDER

On June 18, 2015, plaintiff, Jeremy Thomas, filed the instant action [1] for unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). On September 17, 2015, the parties filed their Joint Motion for Approval of FLSA Settlement [18], voluntarily seeking to settle and dismiss this case. The parties have agreed that defendants shall pay plaintiff $335.80 in full compensation of his claim for overtime pay plus an equal amount of liquidated damages for a total of $671.60 and

AO 72A
(Rev.8/82)

will pay his attorney his fees of $4,651.70 and costs of $400. (See Jt. Mot. & Ex. A (Settlement Agreement).)

Settlement of an action under the FLSA stands distinctly outside the practice common to, and accepted in, other civil actions. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1352-55. Likewise, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

2

Here, the parties acknowledge that the amount to be paid by defendants compensates Mr. Thomas for all overtime wages he believes he is owed and also compensates his attorney for legal services. (Jt. Mot.; see also id. Ex. A.) As plaintiff will receive full compensation of his overtime claim and counsel will receive full satisfaction for the associated fees, the Court finds the settlement to be fair, reasonable, and satisfactory. See Hanks v. Racetrack Petroleum, Inc., No. 6:11-cv-1368-Orl-28DAB, 2011 WL 4408242, at *2 (M.D. Fla. Sept. 9, 2011) ("Full recompense is *per se* fair and reasonable.").

ACCORDINGLY, the Court **GRANTS** the Joint Motion for Settlement [18], **APPROVES** the Settlement Agreement [18, Ex. A], and **DIRECTS** defendants to pay plaintiff and counsel the amounts set forth in that agreement. The Clerk is **DIRECTED** to **CLOSE** this

3

AO 72A
(Rev.8/82)

case.

IT IS SO ORDERED, this the 18 day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE

4